# District of Columbia
# Court of Appeals

**No. 14-FS-1076**

IN RE PETITION OF D.B.;
D.B.,

FILED MAR 10 2016 DISTRICT OF COLUMBIA COURT OF APPEALS

Appellant.

**BKS-35-14**

On Appeal from the Superior Court
of the District of Columbia

BEFORE: GLICKMAN and MCLEESE, *Associate Judges*; and REID, *Senior Judge.*

# J U D G M E N T

This case came to be heard on the transcript of record, the briefs filed, and was argued by counsel. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the order denying D.B.'s petition is vacated, and the case is remanded for further proceedings.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: March 10, 2016.

Opinion by Associate Judge Roy W. McLeese.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-FS-1076

IN RE PETITION OF D.B.;
D.B., APPELLANT

FILED  3/10/16
District of Columbia
Court of Appeals

*Julio Castillo*
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(BKS-35-14)

(Hon. Jennifer A. Di Toro, Trial Judge)

(Argued December 10, 2015                    Decided March 10, 2016)

*James B. Outman*, with whom *Harvey Schweitzer* was on the brief, for appellant D.B.

*Abraham Sisson*, with whom *Melissa Colangelo* and *Allen Snyder* were on the brief, for amicus curiae Children's Law Center.

Before GLICKMAN and MCLEESE, *Associate Judges*, and REID, *Senior Judge*.

MCLEESE, *Associate Judge*:  Appellant D.B. seeks review of an order denying D.B.'s request for access to adoption records in order to learn the identities of his biological parents. We vacate and remand for further proceedings.

**I.**

Appellant D.B. was adopted in the District of Columbia in the mid-1960s. The Jewish Social Services Agency ("JSSA") was the adoption agency involved. In 2004, D.B. filed a petition in the Superior Court seeking access to the records of his adoption. The trial court partially granted D.B.'s request, but D.B. did not obtain information identifying his biological parents.

In 2014, D.B. filed a second petition, asking for the names of his biological parents as well as all records held by the court and JSSA pertaining to his adoption. The trial court partially granted the petition, directing JSSA to act as an intermediary and to investigate the identities of D.B.'s biological parents. In response, JSSA reported that a search for D.B.'s biological parents had not been successful. JSSA also informed the trial court that D.B.'s biological parents "were promised confidentiality" and that "JSSA has never released records without the specific permission of the client." The trial court thereafter issued an order denying D.B.'s petition, concluding that, "[i]n the absence of a waiver, the guarantee of confidentiality shall not be disturbed."

**II.**

D.B. raises a number of objections to the trial court's ruling: (1) the trial court applied an incorrect standard in determining whether D.B. should be allowed access to his adoption records, because under D.C. Code § 16-311 (2012 Repl.) the trial court was required to grant D.B. such access if doing so was in D.B.'s best interest; (2) the trial court abused its discretion by failing to hold an evidentiary hearing before denying D.B.'s petition; (3) D.B. has a right to know the identity of his birth parents, and that right is not superseded by any privacy rights held by D.B.'s parents; (4) the trial court abused its discretion by delegating to JSSA the court's statutory authority to decide whether a complete unsealing of D.B.'s adoption records was warranted; and (5) section 16-311 denies adoptees their constitutional rights to due process and equal protection of the laws. We conclude that the case should be remanded for further consideration.

Section 16-311 states that "records and papers in adoption proceedings shall be sealed" and "may not be inspected . . . except upon order of the court, and only then when the court is satisfied that the welfare of the child will thereby be promoted or protected." Perhaps because there was no adversarial briefing in the trial court, the order on review did not cite section 16-311 or address the

application of that provision to D.B.'s petition. Specifically, the trial court did not address (1) whether granting the petition would promote or protect D.B.'s welfare; (2) whether the welfare of the child is the sole consideration under section 16-311 or whether instead section 16-311 permits a trial court to take other considerations into account; (3) whether section 16-311's reference to "records and papers in adoption proceedings" applies only to court records or also extends to records held by District of Columbia agencies or by private adoption agencies such as JSSA; and (4) the potential applicability of D.C. Code § 4-1405 (b)-(c) (2012 Repl.) (generally providing for confidentiality of certain records held by "child-placing" agencies) and Super. Ct. Adopt. R. 79 and 79-I (procedures relating to adoption records).

The factual record in this case also is not fully developed. For example, there appears to be a dispute about whether D.B.'s biological parents were, or could lawfully have been, promised confidentiality at the time of D.B.'s adoption. Finally, neither JSSA nor the District of Columbia participated formally in the proceedings before the trial court or in this court. JSSA and the District therefore have not yet expressed views about the significant legal and factual questions that this case poses, and they should be given that opportunity on remand.

This court has broad authority to remand a case for further proceedings in the interests of justice. D.C. Code § 17-306 (2012 Repl.); *Leach v. District of Columbia Police & Firefighters' Ret. & Relief Bd.*, 965 A.2d 849, 860 n.8 (D.C. 2009). Under the circumstances, we conclude that the interests of justice would be served by a remand.

## III.

For the foregoing reasons, we vacate the order denying D.B.'s petition and remand the case for further proceedings.

*So ordered.*